IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL JONES MCCOLLUM<br> a/k/a Michael Jones | * |
| Plaintiff, | * |
| v. | *  CIVIL ACTION NO. AW-06-51 |
| ECI ASSISTANT WARDEN SHIRLEY<br>  MAE DOANE | * |
| FORMER ECI ASSISTANT WARDEN<br> GEORGE KALOROUMAKIS | * |
| WARDEN JAMES S. SMITH<br>WARDEN GARY HORNBAKER | * |
| PERKINS HOSPITAL<br>HERB DANIELS | * |
| WARDEN JOHN WILT | * |
| Defendants. | |
| | *** |

**MEMORANDUM**

I. *Background*

This 42 U.S.C. § 1983 prisoner civil rights complaint, received for filing on January 9, 2006, is not a model of clarity. In the undersigned's opinion Plaintiff marginally managed to set out colorable Eighth Amendment dental and mental health claims. In separating the chaff from the wheat it appears that Plaintiff, an inmate currently housed at the Correctional Mental Health Center ("CMHC") in Jessup, Maryland, complains that he was denied dental care from 1991 to 2001. Paper No. 1. He further claims that since 2001, he has had the last of his teeth extracted and has not received dentures. *Id*. Plaintiff also alleges that the gum pain he is experiencing from being bitten by a rabid dog in 1982 "brought about an assault." Paper Nos. 1 & 9. He further complains that medication prescribed for him (Prozac) caused him to feel suicidal. Paper No. 1.

On June 19, 2006, Defendants Kaloroumakis, Doane, Smith, Hornbaker, Wilt, and Clifton T. Perkins Hospital Center filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.[1] Paper No. 15. Plaintiff has not filed an opposition. The case may be determined on the pleadings and without oral hearing. *See* Local Rule 105.6. (D. Md. 2004).

## II. *Standard of Review*

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Title 42 U.S.C. § 1983 liability on the part of supervisory defendants requires a showing that: "(1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (internal citations omitted); *see also*

---

[1] The Clerk shall amend the docket to add the name of George Kaloroumakis as a party defendant. In addition, the Clerk shall substitute the name of Shirley Mae Doane for that of Defendant Cindy Elzea, James S. Smith for that of Defendant "Warden MHC Annex," Gary Hornbaker for that of Defendant "Warden Md. Pen.," and John Wilt for that of Defendant "Warden Patuxent Institution."

*Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984) (supervisory liability for an inmate's beating by prison guards).

### III. *Analysis*

Defendants claim that Plaintiff was received into the state correctional system on May 27, 1993. Paper No. 15, Ex. 1. They indicate that Plaintiff has a history of intrastate transfers to the CMHC and was housed at that facility from September 26, 1995, to October 5, 1999, and from May 4, 2004, to the present. Paper No. 15, Ex. 1. Defendants further state that from May 6, 2003, to December 8, 2005, Plaintiff has demonstrated a history of non-compliance with medication and medical, dental, and psychological appointments and testing.[2] *Id.*, Ex. 2.

Defendants state that at a medical appointment on November 3, 2003, Plaintiff weighed 164 pounds. *Id.*, Ex. 4. They assert that on November 13, 2003, impressions for dentures were made for Plaintiff while he was incarcerated at the Maryland Correctional Adjustment Center. *Id.*, Ex. 3. Later that month he was placed on a mechanical soft and cardiovascular diet. *Id.*, Ex. 4. Plaintiff was transferred to CMHC on May 4, 2004. On July 22, 2004, the mechanical soft and cardiovascular diets were renewed for one year. *Id.*, Ex. 4. By July 20, 2005, Plaintiff weighed approximately 203 pounds. *Id.*, Ex. 2 On July 28, 2005, Plaintiff was removed from the mechanical soft diet. *Id.*, Ex. 4. On October 6, 2005, the order for the cardiovascular diet was renewed. *Id.* As of October 2005, Plaintiff weighed 216 pounds. *Id.*

On August 2, 2005, Plaintiff filed a sick-call form requesting dentures. *Id.*, Ex. 5. He was seen for an oral examination and "charting" on August 3, 2005, and informed of the status of his request for upper and lower complete dentures. *Id.* On October 26, 2005, Plaintiff was again seen

---

[2]   Plaintiff has been diagnosed with a number of mental health disorders. Paper No. 15, Ex. 2 at 31.

in the dental department for an examination and "charting." *Id*.  He consented to receive dental treatment and it was noted that the dental department was awaiting approval for denture work. *Id*. According to Plaintiff's supplement complaint, as of April 15, 2006, he had not received dentures or impressions and dental personnel had only discussed whether approval had been received to "fix my dentures." Paper No. 9.

With regard to Plaintiff's medication claim, Defendants state that there is no record that Plaintiff was prescribed Prozac.  They do note, however, that he has been prescribed several different medications throughout his incarceration related to psychotropic care, *e.g.*, Cogentin, Artane, Risperdal, and Seroquel    *Id*., Exs. 7 & 8.

Defendants raise two primary arguments in their defense.  First, they argue that any 42 U.S.C. § 1983 claims related to actions (or inactions) occurring prior to January 9, 2003, are barred by the applicable statute of limitations.   The court concurs.

In enacting § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984).  Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id*., at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985).  Consequently, upon review of Maryland's limitations provisions, it appears

4

that Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury. *Id*. While Plaintiff seemingly complains about his dental and prescription care from 1991 to the filing of this case, he is barred from proceeding on those claims which accrued more than three years prior to the filing of his action.

Defendants next argue that they may not be held liable in their supervisory capacities for the alleged denial of dental and medical care from January, 2003, to the present. In addition, they assert that they are entitled to defer to the expertise of medical, dental, and mental health staff at the various facilities where Plaintiff has been housed.[3]

Where, as here, Plaintiff is alleging that supervisory officials are liable, he must show that the official was personally involved in the deprivation of his rights or that they were constructively aware of the alleged unconstitutional behavior and, in effect, tacitly authorized the action. *See Carter v. Unknown Agents of the City of Danville Police Dep't.*, 164 F. 3d 215, 220-21 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798-800 (4th Cir. 1994); *see also Miltier v. Beorn*, 896 F.2d at 854. Plaintiff has not proven his case by establishing Defendants Doane, Kaloroumakis, Smith,

---

[3]   Defendants further maintain that the Complaint against Maryland House of Correction Annex Warden James Smith, Metropolitan Transitional Center Warden Gary Hornbaker, and former and current Eastern Correctional Institution Assistant Wardens Kaloroumakis and Doane is subject to dismissal because there is no record that Plaintiff was confined at these facilities during the relevant period in question.

Hornbaker, and Wilt's personal involvement in or knowledge of the alleged unconstitutional acts.[4]

### III. *Conclusion*

For the aforementioned reasons, the court concludes that Plaintiff has failed to state a claim against Defendants Doane, Kaloroumakis, Smith, Hornbaker, Wilt, and Clifton T. Perkins Hospital Center.  Their Motion to Dismiss shall be granted.  A separate Order follows.


Date:  July 21, 2006                     _____/s/_____
                                          Alexander Williams  Jr.
                                          United States District Judge

---

[4] Defendant Herb Daniels, who was not served with process, is not identified and no particular allegations are raised against him.